WILLIAM M. WARREN, Appellant, *v.* ARCHIMEDES C. DICKSON, and JOHN H. DICKSON, Appellees.

APPEAL FROM MORGAN.

Warren and A. C. Dickson had been partners ; upon the dissolution, Warren left lumber and moneys with A. C. Dickson. Subsequently, A. C. Dickson took J. H. Dickson into partnership, and these two partners admitted an indebtedness to Warren, of $500. *Held,* that this evidence would justify the jury in finding that the new firm had purchased the assets of Warren in the old firm at that price ; or that those assets had come into the hands of the new firm, and that an account had been struck, showing that amount to be due from it to Warren.

THE appellees sued the appellant in assumpsit, declaring upon the common counts, for lumber sold and delivered, from April 18, 1855, to March 12, 1857.

Appellant pleaded : 1st, non-assumpsit ; 2nd, set-off for lumber sold and delivered, and for lumber bargained and sold by appellant to appellees, exceeding demand of appellees, and demanding judgment for the balance ; 3rd, set-off for lumber furnished appellees by appellant, to be sold by them and paid for when sold, and for money received by appellees to appellant's use, exceeding the demand of appellees, and demanding judgment for the balance.

Issues to the country were formed upon these pleas, and the cause was tried at the March term of the Morgan Circuit Court, 1862.

The appellees proved the principal items of their account, and rested their case.

Appellants then called *Phil Warren,* who testified that he was present at New Berlin some time in 1857 or the spring of 1858, when appellant and appellee, John H. Dickson, were

engaged in conversation. Witness approached the parties while they were conversing. Appellant said to John H. Dickson, " You owe me one thousand dollars." Dickson said, in reply, " No, William, we only owe you four hundred dollars." " Our books will show the number of feet of lumber." " We don't owe you only four hundred dollars."

Witness states that nothing was said about anything being due from appellant to appellees, nor was it pretended by Dickson that appellant was indebted in any way to appellees, or to either of them.

Witness understood Dickson to speak in the above conversation of and for the firm of A. C. Dickson & Son, the plaintiffs in the suit. They had previously been in business together, and witness thought they were in partnership in the lumber business in Jacksonville at the time.

Witness stated, upon his cross-examination, that the appellant and Archimedes C. Dickson, one of the appellees, were partners in the lumber business at Jacksonville for a number of years, and that their partnership was dissolved a short time before the partnership between the appellees was formed. Witness stated, that there was no explanation in the conversation above spoken of, showing what lumber was alluded to by John H. Dickson. Appellant resided at Island Grove after he went out of partnership with Archimedes C. Dickson, and witness had no personal knowledge of any lumber transactions between them.

Appellant then called *William B. Warren,* who testified that he was the father of appellant; that about the first day of January, 1861, John H. Dickson (one of the appellees) showed witness an account of the appellees against witness for lumber, and asked him to give his note for it. Witness declined to give his note, stating that appellees were indebted to appellant in the sum of five hundred dollars, and that the account by agreeement was to be paid by being allowed or credited on what appellees were owing appellant. Dickson said he knew they (appellees) were owing the appellant five hundred dollars, and this account should be turned in that way upon settlement with appellant; that he only wanted

witness' note to balance the account on their books, and he would leave the note with his father (Archimedes C. Dickson) and it should be brought in and settled when they settled with appellant.

Witness stated, that he had repeated conversations with both of appellees, in which they admitted their indebtedness of five hundred dollars to appellant, and wanted him to take it out in lumber from their yard. Witness talked about the matter with Archimedes C. Dickson several times, in the presence of John H. Dickson, when Archimedes C. admitted as above, and wanted to pay their indebtedness in lumber as above stated, and John H. assented to the same—at least never in any way objected.

Witness held conversations with appellant before appellant got any lumber, and at the request of the Dicksons (who were not at that time on good terms with appellant) witness informed appellant that the Dicksons wanted him to take lumber on what they were owing him.

Witness stated, that the lumber sued for in this suit was obtained by appellant after the above information was given him by witness, and witness knows that it was obtained under and in pursuance of the arrangement, that the same was to be applied on what the appellees owed appellant, as above stated.

Witness testified, on his cross-examination, that appellant had been a partner in the lumber business at Jacksonville with the appellee, Archimedes C. Dickson; that they dissolved, and all the lumber on hand, the accounts and assets of the firm, were left in the hands of said Archimedes C. Dickson, who soon after took his son, John H. Dickson, into partnership with him, and they carried on the same business at the same lumber yard. Witness stated that the indebtedness of appellees to appellant, above spoken of, was for lumber and moneys of appellant in the firm of Dickson & Warren, that came to the possession of appellees as above stated; that he had no personal knowledge of said lumber and moneys, and that he had no personal knowledge of any lumber trans-

actions (*i. e.* dealings in lumber) by appellant since he left the firm of Dickson & Warren.

The appellees then read in evidence a written memorandum of dissolution of the firm of Dickson & Warren, signed by Archimedes C. Dickson and William M. Warren, and stating that the assets and accounts of the firm were in the possession of said A. C. Dickson at the lumber yard.

The foregoing was all the evidence in the case.

The court instructed the jury for the appellees, as follows:

1. That if the jury find, from the evidence in the case, that defendant was a partner of A. C. Dickson, in the firm of Dickson & Warren, and that the lumber of said Dickson & Warren, and also that money belonging to Dickson & Warren, came to the hands of the plaintiff, the said defendant cannot set off said claim against any demand plaintiff may have proven in this case.

2. The court further instructs for plaintiffs, that it is competent for a party to a suit to show by evidence that any statement or admission that said party may have made, in regard to his or their indebtedness to the opposite party, was made in misapprehension of the facts, or of his legal rights in the given case; and that although the jury may find, from the evidence, that John H. Dickson, in the conversation mentioned by the witness, Phil Warren, in the use of the term "we," in speaking of indebtedness due to defendant, had reference to A. C. Dickson & Son, yet if they further believe that said John H. Dickson, in speaking of said indebtedness, in said conversation, had reference only to lumber or the proceeds of lumber of the firm of Dickson & Warren, and not to any indebtedness for money or lumber of defendant individually, for which plaintiffs were indebted, then said admissions are not competent evidence to prove defendant's set-off in this case, and the jury are instructed to disregard them.

3. That if the jury believe, from the evidence in the case, that the lumber the defendant claims compensation for by way of set-off in this case, was lumber that the defendant left in the old lumber yard of Dickson &

Warren, or was his (said defendant's) interest only in the lumber of said firm of Dickson & Warren; and if they believe, from the evidence, that the indebtedness spoken of by John H. Dickson in the conversation spoken of by the witness, Phil Warren, was proceeds of said lumber, and that the evidence fails to show any other indebtedness of plaintiffs to defendant for lumber or money received for sale of lumber, or money received to defendant's use, which said last named lumber or money belonged individually to defendant; then the jury will reject the claim of defendant for a set-off in this case in considering of their verdict.

To each and all of the foregoing instructions, the appellant excepted.

The defendant (appellant) then asked the court to give the following instructions:

1. If the jury believe, from the evidence, that the plaintiff, John H. Dickson, while a member of the firm with his father, A. C. Dickson, and after the account of the plaintiffs had accrued, admitted, in the presence of Phil Warren, that the plaintiffs were indebted to said defendant, Wm. M. Warren, in the sum of four hundred dollars, for lumber or money received by them belonging to the defendant, this is competent and proper evidence upon which the jury may find a verdict for the defendant, William M. Warren, for said four hundred dollars, and the interest thereon, from the time of admitting said indebtedness.

2. If the jury believe, from the evidence, that before any of the account of the plaintiffs accrued, the plaintiffs acknowledged their indebtedness, in the presence of William B. Warren, to the defendant, William M. Warren, in the sum of five hundred dollars, for lumber or money received by them, or for both; and if the jury believe, from the evidence, that the plaintiff requested the defendant to purchase lumber of them, promising that whatever was obtained should be applied upon said five hundred dollars, and that said lumber obtained by William M. Warren was obtained with this understanding; this is competent and proper evidence upon which the jury may find a verdict for the defendant, William

M. Warren, for such part of said five hundred dollars and interest as they find to be due, after deducting the lumber obtained under the aforesaid arrangement.

The court refused to give the foregoing instructions for defendant (appellant) and in lieu thereof, gave the following:

If the jury believe, from the evidence, that on the dissolution of the firm of Dickson & Warren, Dickson was indebted to Warren, and that afterwards Dickson, the former partner of Warren, formed a partnership with his son, John H. Dickson, in the lumber business, and in the presence of his son admitted said indebtedness, and requested Col. Warren, the father of defendant, to tell him to send and get lumber, and that the lumber was accordingly got under that arrangement, without objection on the part of John H. Dickson, then they will find for the defendant.

To the refusal to give the foregoing instructions 1 and 2, the appellant excepted.

The jury having found a verdict for the plaintiffs (appellees) for three hundred and thirty dollars, the appellant moved the court for a new trial, which the court overruled.

The appellant excepted, and appealed to this court, and assigns the following errors:

The court erred in giving instructions 1, 2, 3, for appellees.

The court erred in refusing to give instructions, 1, 2, for appellant.

The court erred in overruling appellant's motion for a new trial.

H. B. McClure, for Appellant.

1.   The court should have granted appellant's motion for a new trial.

The evidence shows (and there is no conflicting testimony) that the appellant and Archimedes C. Dickson (one of the appellees) had been engaged in the lumber business at Jacksonville, under the firm of Dickson & Warren, previous to the date of appellee's account sued for in this case. The firm of Dickson & Warren was dissolved. No disposition was made of the stock on hand, accounts, etc., but the assets were

left in the possession of said Archimedes C. Dickson, who soon afterwards took his son, John H. Dickson, (appellee) into partnership with him in the lumber business at the same place.

The last firm came into possession of and appropriated to their use, lumber and the proceeds of lumber and money, which belonged to the former firm of Dickson & Warren. The whole amount of value thus received does not appear, but the appellees admitted on sundry occasions, before any of their accounts against appellant had accrued, that they owed appellant five hundred dollars for his interest in the lumber, etc., which they had thus received from the former firm, and they sent word by one of the witnesses to appellant, that they desired him to take lumber from them in payment of said indebtedness.

This information was given appellant, and the lumber sued for by appellees in this case was afterwards obtained by appellant, and received in part payment of said indebtedness.

2.   The first and third instructions given for the appellees are erroneous, because they completely exclude from the consideration of the jury all of the evidence showing that appellees received from appellant a full equivalent, as estimated by them, for the five hundred dollars, their acknowledgment of indebtedness to that amount, their offer to pay, and their actual payment of so much as the lumber amounted to, which they have sued for.

3.   The second instruction for appellees is also erroneous, because it assumes, without any evidence whatever to support it, that a mistake was made by John H. Dickson, or that he spoke in ignorance or misapprehension of his rights, in the acknowledgment of indebtedness; and also because this instruction, like the first and third, ignores most of the facts proven by appellant in his defense.

4.   The admission of appellees, especially when made in connection with such other facts as are proven by the witnesses, are binding upon the appellees, and the court erred in refusing to give the first and second instructions asked by appellant.

5. The members of the old firm of Dickson & Warren could, by agreement, sever their joint interest in any of the effects of the firm. The succeeding firm of Dickson & Son could, by agreement with both members of the former firm, purchase the separate interest of either party ; or having received it and appropriated it to their own use, could acknowledge their indebtedness for it, and make a binding promise to pay for it, to the party to whom it belonged. 7 Term R. 279 ; 2 Mass. R. 401 ; 6 id. 460 ; 8 Cranch's R. 50.

MORRISON & EPLER, for Appellees.

1. The defendant's special pleas are, set-off. The evidence clearly shows that the claim set up by defendant as a set-off, was a claim he was urging, growing out of a partnership matter between A. C. Dickson and defendant, under the firm of Dickson & Warren.

There was no mutuality, and the set-off was not allowable. See *Gregg* v. *James*, Breese, 109 ; *Hinkley* v. *West*, 4 Gilm. 136 ; *Benjamin* v. *Babcock*, 11 Ill. 30 ; *Hillyard* v. *Walker*, 11 Ill. 645 ; 16 Ill. 28. In this case, defendant's pleas of set-off are good on their face ; but the evidence showed a different state of facts than those set forth in the pleas ; hence the jury were properly instructed for plaintiffs below, in substance, that any claim defendant might have for his interest in assets of the firm of Dickson & Warren, could not be set off.

2. The evidence shows that all the demand set up by defendant in the trial, was a partnership interest, and none other. It was not a proper matter of set-off ; this question was left to the jury, and they have so found the fact.

3. The first instruction asked for by defendant, in effect, was, that if they found, from the evidence, that one of the plaintiffs had admitted certain indebtedness for lumber to defendant, that they should find for defendant, $400 and interest. This instruction was properly refused, because it, in effect, took from the jury all the evidence of the plaintiffs, of the account proven before the jury ; and the jury might, under this instruction, have found for defendant $400 and in-

terest, notwithstanding plaintiffs had proven their account to amount of $330.

4. The question of set-off was fairly and fully put before the jury under instructions for the plaintiffs, and the second instruction asked for by the defendant was properly refused. This instruction did not bring the whole evidence before the jury, and was misleading, and was properly refused by the court.

5. The case of *Walker* v. *Chovin*, 15 Ill. 489, was a case arising before a justice of the peace, and written pleading was unnecessary. In that case, the evidence was, that the goods of both parties were purchased under a special agreement that the accounts should be set off, and the accounts were kept against each firm—hence the set-off arose out of the same transaction.

Not so here; this is an effort to set off the interest of defendant, in the old firm of Dickson & Warren, against the demand of the plaintiffs, accrued long after—this cannot be law.

The three instructions for defendant should have been refused, but of this defendant cannot complain.

6. On the whole case, the jury have found the facts for the plaintiffs, and their finding ought not to be disturbed.

CATON, C. J. We think the second instruction, as asked for the defendant, should have been given to the jury, and that the instruction given by the court, in lieu of it, did not enable the jury to comprehend the law as applicable to the evidence in the cause.

It appears that the defendant and A. C. Dickson, one of the plaintiffs, had been in the lumber business, as partners. When that partnership was dissolved, the assets of the firm went into the hands of the plaintiffs, who formed a new firm and carried on the same business in the same place. After this, the plaintiffs admitted an indebtedness to the defendant, to one witness, of four hundred dollars, and to another, of five hundred dollars, and requested the plaintiff to take it out in lumber, and after this the lumber, for which this action was

brought, was obtained. In this state of the evidence the defendant asked this instruction :

" If the jury believe, from the evidence, that before any of the account of the plaintiffs accrued, the plaintiffs acknowledged their indebtedness, in the presence of William B. Warren, to the defendant, William M. Warren, in the sum of five hundred dollars, for lumber or money received by them, or for both; and if the jury believe, from the evidence, that the plaintiff requested the defendant to purchase lumber of them, promising that whatever was obtained should be applied upon said five hundred dollars, and that said lumber obtained by William M. Warren was obtained with this understanding; this is competent and proper evidence upon which the jury may find a verdict for the defendant, William M. Warren, for such part of said five hundred dollars and interest as they find to be due after deducting the lumber obtained under the aforesaid arrangement."

Which the court refused to give, but instructed,

" If the jury believe, from the evidence, that on the dissolution of the firm of Dickson & Warren, Dickson was indebted to Warren, and that afterwards Dickson, the former partner of Warren, formed a partnership with his son, John H. Dickson, in the lumber business, and in the presence of his son admitted said indebtedness, and requested Col. Warren, the father of defendant, to tell him to send and get lumber, and that the lumber was accordingly got under that arrangement, without objection on the part of John H. Dickson, then they will find for the defendant."

This instruction is not as broad as the first, and does not cover a state of facts which the jury might well have found from the evidence. The jury would have been warranted in finding that the new firm had purchased the interest of the defendant in the assets of the old firm for the amount which they acknowleged to be due him; or, that the assets of the old firm had come into the hands of the new firm, and had by them been converted into cash, and upon an accounting with the defendant there was found the amount stated to be due him, for his interest, which they agreed to pay him; and

in either of these cases the amount thus stated, constituted an individual claim of the defendant against the plaintiffs, as much as if it had been money loaned, and as such constituted a proper claim for set-off, under the pleas which had been filed. This is the case contemplated by the instruction asked for the defendant and refused by the court, and is not embraced in the instruction given by the court.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*